## AMENDMENT OF A VERDICT AUTHORIZED.

Circuit Court of Cuyahoga County.

THE STANDARD KNITTING COMPANY v. FRANK VAN WIE.

Decided, December 28, 1909.

*Trials—Jury May Amend Verdict.*

Where a jury has attempted to return a verdict in which they have included improper items of damage they may, upon the direction of the court, amend their verdict.

*Kerruish & Kerruish,* for plaintiff in error.
*G. A. Grool* and *G. A. Farquharson,* contra.

HENRY, J.; MARVIN, J., concurs.

The action below was brought to recover damages for alleged wrongful discharge from employment before the expiration of the term thereof as stipulated by written contract. The sole defense was that the discharge was for good cause, to-wit, drunkenness and neglect of duty. The verdict and judgment were for the plaintiff below.

The first of the two errors claimed here is that the verdict finally received was not the lawful verdict of the jury. The verdict first attempted to be rendered was for the full amount of wages that could accrue under the contract of employment, after the plaintiff's discharge. He had, however, admitted upon the trial that a considerable amount had been earned by him in other employment during that period and therefore the court refused to receive the verdict presented by the jury and directed them to prepare another to cure their oversight in this respect, which they did accordingly. Although the counsel were not present during this episode, we think the rights of the defeated party were not prejudiced by this circumstance. The amendment of the verdict by the jury seems to be fully authorized in the premises by Sections 5198 and 5199 of the Revised Statutes of Ohio.

The only other error complained of involves the weight of the evidence.

The defendant in error upon his examination, admitted that he had done a good deal of drinking, but denied that he had been under the influence of intoxicants, and denied that he had neglected his duties. There was a great deal of evidence to the contrary, which, if we had stood in the place of the jury and were considering the matter. in the first instance might well have induced a finding contrary to that actually made by them. That is not, however, the criterion which must govern us in weighing the evidence at this time, and we are not prepared to say that the verdict as rendered, is manifestly and clearly against the weight of the evidence.

Judgment affirmed.